IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3026-FL

| | | |
|---|---|---|
| AMBROSE MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MS. TINA, MS. SANDRA, and | ) | |
| KHAFLANI JONES, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on defendants' motions for summary judgment pursuant to Federal Rule of Civil Procedure 56, (DE 41, 45). The motions were fully briefed and in this posture the issues raised are ripe of ruling. For the reasons that follow, the court grants the motions.

## STATEMENT OF THE CASE

Plaintiff, a former state pretrial detainee proceeding pro se, commenced this action by filing complaint on January 30, 2018, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants Ms. Tina ("Tina"), Ms. Sandra ("Sandra") and Khaflani Jones ("Jones") conducted an unfair and biased disciplinary proceeding in violation of the Fourteenth Amendment to the United States Constitution. As relief, plaintiff seeks

---

[1] The court dismissed formerly-named defendants Major Adams and "Disciplinary Hearing Officer" by separate order entered December 10, 2018. Additionally, the court has constructively amended the case caption to reflect the correct spelling of defendant Jones's name, and will direct the clerk to amend the docket caption accordingly.

compensatory damages, injunction directing defendants to expunge his disciplinary conviction, and injunction directing the Cumberland County Detention Center to improve the conditions of confinement in its special management housing unit.

On March 23, 2018, plaintiff moved to amend the complaint. On November 15, 2018, the court conducted its frivolity review of plaintiff's complaint, dismissed certain claims as frivolous, and allowed plaintiff to file amended complaint particularizing his Fourteenth Amendment claim. Plaintiff timely filed the amended complaint. On December 10, 2018, the court conducted its frivolity review of the amended complaint pursuant to 28 U.S.C. § 1915(e), and allowed the action to proceed.

On February 28, 2019, the court entered case management order governing discovery and dispositive motions practice. Plaintiff did not take any discovery in this action.

On August 29, 2019, defendants Tina and Sandra filed the instant motion for summary judgment. In support, defendants Tina and Sandra rely upon memorandum of law, statement of material facts, and the following: 1) affidavit of defendant Tina; 2) affidavit of defendant Sandra; 3) inmate sanction sheet as to the pertinent disciplinary charge; 4) disciplinary hearing remarks; 5) affidavit of Tandra Adams, a major employed by the Cumberland County Sheriff's office; and 6) affidavit of defendant Jones. Defendant Jones also filed the instant motion for summary judgment on August 29, 2019, supported by memorandum of law, statement of material facts, and the following: 1) Cumberland County Detention Center's ("CCDC") Inmate Handbook; 2) inmate sanction sheet as the pertinent disciplinary charge; 3) CCDC job description – compliance officer; 4) contract for dispute resolution services between CCDC and Cumberland County Dispute Resolution Center ("CCDRC"); 5) affidavit of defendant Tina; 6) affidavit of defendant Sandra;

7) CCDRC's articles of incorporation; 8) notes, findings, and notices of hearing and decision as to the pertinent disciplinary charge; 9) plaintiff's notice of appeal of disciplinary decision; 10) plaintiff's grievance regarding disciplinary decision; 11) affidavit of Tandra Adams; 12) CCDC policy regarding cell searches; 13) affidavit of defendant Jones; 14) plaintiff's movement log; 15) CCDC report regarding plaintiff's possession of deadly weapon; and 16) CCDC policy regarding inmate discipline.

Plaintiff filed consolidated response to the instant motions on September 20, 2019, supported by memorandum of law, opposing statement of material facts, and copies of defendant Jones's statement of material facts and defendants' affidavits with plaintiff's handwritten responses transcribed thereon. That same day, plaintiff moved for appointment of counsel. The court denied the motion to appoint counsel on November 5, 2019.

### STATEMENT OF THE FACTS

The facts, viewed in the light most favorable to plaintiff, may be summarized as follows. On April 30, 2016, plaintiff was arrested on state charges and detained in the Cumberland County Detention Center ("CCDC"). (Pl.'s Movement Log (DE 48) at 71).[2] During the relevant timeframe, defendant Jones was employed by the CCDC as a compliance officer, responsible for supervision of the inmate disciplinary proceedings. (Jones Aff. (DE 48) at 58, ¶¶ 1-2, 4).[3] Among other responsibilities, defendant Jones served as chairperson of the Inmate Disciplinary

---

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

[3] Defendants filed their Local Civil Rule 56.1 appendices and accompanying exhibits as a single document. The appendices do not comply with section V.E of the court's CM/ECF Policies and Procedures Manual, which requires filing exhibits as separate documents and properly labeling them. Accordingly, citations to affidavits refer to the CM/ECF page number of the appendix and the paragraph number of the affidavit.

Hearing Committee (the "disciplinary committee") at the CCDC. (Id. at 59, ¶ 4). Defendants Tina and Sandra were employees of the CCDRC, which contracts with the CCDC to provide hearing officers for inmate disciplinary hearings. (Tina Aff. (DE 48) at 29-30, ¶¶ 1, 3; Sandra Aff. (DE 48) at 32-33, ¶¶ 1, 3). They both served, along with defendant Jones, on the disciplinary committee responsible for resolving plaintiff's alleged infraction. (Tina Aff. (DE 48) at 30, ¶ 30; Sandra Aff. (DE 48) at 33, ¶ 5; Jones Aff. (DE 48) at 62, ¶ 21).

On October 24, 2017, plaintiff was moved to a new cell in the CCDC, labeled HBB 128. (Pl.'s Movement Log (DE 48) at 68). Detention officers searched the HBB 128 cell before plaintiff was transferred. (Tina Aff. (DE 48) at 30, ¶ 7; Sandra Aff. (DE 48) at 33, ¶ 7).[4]

On November 22, 2017, detention officer S. Kelly ("Kelly") conducted a random search of plaintiff's cell and discovered a homemade knife (colloquially referred to as a "shank"). The shank had been taped to a storage bin underneath plaintiff's bunk. (Incident Report (DE 48) at 40). Plaintiff was charged with a Rule A-22ee violation for possession a dangerous weapon. (Inmate Sanction Sheet (DE 48) at 39). The notice of sanction was delivered to plaintiff the following day, and explained his right to a disciplinary hearing and the potential sanction. (Id.). Plaintiff indicated on the form that he disputed the disciplinary charge and requested a hearing. (Id.).

Defendant Jones set the hearing before the full disciplinary committee for November 28, 2017. (Id.). At the hearing, defendants provided plaintiff with an opportunity to present

---

[4] Plaintiff unverified response to the instant motion alleges defendants have not produced a signed cell search form confirming the search occurred. In the absence of verified evidence contesting defendants' testimony on this issue, the court adopts defendants' testimony. See Fed. R. Civ. P. 56(c)(1). In any event, the written record of the hearing does not reflect that defendants relied on the fact of the prior search when issuing their decision. (See Disciplinary Hearing Remarks (DE 48) at 44).

4

evidence and argument concerning the alleged misconduct. (Disciplinary Hearing Remarks (DE 48) at 44). Plaintiff did not contest that the shank was found in his room or that it was a dangerous weapon. (See id.). Plaintiff, however, maintained that the shank was not his and argued the previous occupant of the cell left it there. (Id.).

Defendants held plaintiff responsible for possessing a dangerous weapon. (Inmate Hearing Decision (DE 48) at 46). After the hearing, defendants provided plaintiff a written statement of the decision. (Id.; Disciplinary Hearing Remarks (DE 48) at 44; see Jones Aff. (DE 48) at 62-64, ¶ 22). Defendants noted the shank was found in plaintiff's cell and plaintiff had been the only occupant of the cell for approximately 25 days prior to the search. (Jones Aff. (DE 48) at 62-64, ¶ 22). Defendants also found plaintiff cleaned his room every day, which suggested he could have found the shank and turned it over to detention staff if it was not his. (Id.). Finally, defendants noted they considered plaintiff's statement and the investigating officers' statements before rendering the decision. (Disciplinary Hearing Remarks (DE 48) at 44).

Defendants sanctioned plaintiff by placing him in the behavioral management unit (disciplinary segregation) for 56 days. (Jones Aff. (DE 48) at 64, ¶ 24). Plaintiff's sanction was affirmed by a CCDC administrator. (Adams Aff. (DE 48) at 54, ¶ 13).

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it

believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party

6

would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.     Analysis

Plaintiff alleges defendants conducted an unfair and biased disciplinary hearing in violation of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before a pretrial detainee may be punished for violating prison disciplinary rules with the loss of a protected liberty interest.[5] Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). Under the Wolff standard, an inmate is entitled to the following: 1) written notice of the charges at least 24 hours in advance of the hearing; 2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and 3) the right to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564-66; see also Lennear v. Wilson, 937 F.3d 257, 268 (4th Cir. 2019).

Decisions by a disciplinary board pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). Federal courts will not review the accuracy of the board's fact finding de novo or for clear error, and determining whether the standard is satisfied does not require examination of the entire record or weighing of evidence. See Baker v. Lyles,

---

[5]     Disciplinary segregation of a pretrial detainee implicates a protected liberty interest. Dilworth v. Adams, 841 F.3d 246, 258 (4th Cir. 2016). Defendants do not contest that placing plaintiff in the "behavioral management unit" for 56 days is commensurate with disciplinary segregation.

904 F.2d 925, 932 (4th Cir. 1990). Rather, "[a]s long as the record is 'not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary,' courts need no grant . . . relief on this ground." Tyler v. Hooks, 945 F.3d 159, 170 (4th Cir. 2019) (quoting Hill, 472 U.S. at 457). Finally, the disciplinary decision must be made by an impartial adjudication. Wolff, 418 U.S. at 570-71.

Here, plaintiff does not contest that he received adequate notice of the charges and a written summary of the findings. To the extent plaintiff is challenging the sufficiency of the evidence, the evidence presented at the disciplinary hearing, summarized above, is adequate to meet Hill's "some evidence" standard. See Hill, 472 U.S. at 455-56; Baker, 904 F.2d at 932.

Plaintiff alleges defendants were not impartial where they referred to his pending criminal charges during the hearing. The administrative record, however, does not reflect any evidence of bias against plaintiff. (See Disciplinary Hearing Remarks (DE 48) at 44; see also Jones Aff. (DE 48) at 62-65, ¶¶ 22, 25-26). Importantly, defendants Tina and Sandra were not employed at CCDC, and were contractually obligated to provide impartial decisions in inmate disciplinary hearings. (Tina Aff. (DE 48) at 29, ¶¶ 1-2; Sandra Aff. (DE 48) at 32, ¶¶ 1-2; Jones Aff. (DE 48) at 61, ¶ 14). Defendants also were not involved in the investigation of the infraction, and there is no evidence they were improperly influenced by CCDC investigators or administrators. (Jones Aff. (DE 48) at 60-61, ¶ 13-14); cf. Wolff, 418 U.S. at 592 (Marshall, J. concurring) ("Due process is satisfied as long as not member of the disciplinary board has been involved in the investigation prosecution of the particular case, or had any other form of personal involvement in the case."). On this record, plaintiff's allegation that defendants were biased against him because they referred to his pending criminal charges during the hearing is insufficient to create a genuine issue of

8

material fact as to his claim that defendants were biased against him.  See Gwinn v. Awmiller, 354 F.3d 1211, 1220 (10th Cir. 2004) (explaining that to succeed on claim that disciplinary committee was biased, "there must be some substantial countervailing reason to conclude that [the disciplinary committee was] actually biased with respect to factual issues being adjudicated.").

Finally, for the first time in his response brief, plaintiff alleges that he was not allowed to call one of his desired witnesses at the hearing.  Plaintiff's amended complaint did not allege the foregoing as an independent due process violation.  (See DE 16).  Plaintiff cannot amend the complaint by alleging new claims in his response to a motion for summary judgment.  See Murray Energy Corp. v. Admin. of EPA, 861 F.3d 529, 537 n.5 (4th Cir. 2017); S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184-85 (4th Cir. 2013). Accordingly, the court declines to address this new claim.

## CONCLUSION

Based on the foregoing, the court GRANTS defendants' motions for summary judgment, (DE 41, 45).  The claims alleged in plaintiff's amended complaint are DISMISSED WITH PREJUDICE.  The court DISMISSES WITHOUT PREJUDICE any new claims alleged for the first time in plaintiff's response to the instant motions for summary judgment.  The clerk is DIRECTED to amend the case caption as set forth in footnote one, and to close this case.

SO ORDERED, this the 24th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge